## VAN MOURICK v. BOWIE et al.

### No. 5920.

Court of Appeals of the District of Columbia.

Argued Dec. 6, 1933.

Decided Feb. 26, 1934.

Rehearing Denied March 19, 1934.

Mark P. Friedlander, Bernard H. Conn, and Irving S. Rose, all of Washington, D. C., for appellant.

Joseph T. Sherier, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment dismissing the declaration of the appellant for want of substance.

The appellant as plaintiff in the lower court claimed damages against the appellees, as defendants, upon charges which in substance are as follows: That on March 9, 1932, the plaintiff was the owner of certain rare antique furniture, lamps, desks, books, silver-

ware, etc., having value of $127,000, subject, however, to a chattel deed of trust bearing date of November 13, 1931, from the plaintiff to the defendants to secure the payment of a certain promissory note in the sum of $3,157.-35, made by the plaintiff to the order of the H. L. Rust Company, a corporation. That thereafter the plaintiff defaulted in the payment of the note, and the defendants as trustees, under and by virtue of the provisions of the chattel deed of trust, became entitled to take immediate possession of the same and to make sale thereof "at public auction upon such terms and after such public notice as the defendants, in the execution of the trust, deemed advantageous and proper." That thereafter the trustees took possession of the property for the purpose of offering the same for sale, and at the time of the seizure the trustees knew that the property consisted of rare and valuable antiques as aforesaid. That it thereupon became the duty of the defendants to see that the sale of the chattels was conducted fairly to the end that a reasonable amount would be realized therefor. That the defendants, notwithstanding their duties as aforesaid, negligently and carelessly offered for sale and sold the property, and failed to sell the same at public auction upon such terms and after such notice as the defendants in the execution of such trust deemed proper, in that the defendants caused a catalogue to be printed and published in which the property was listed and divided into lots numbered 1 to 200, inclusive, designated merely as furniture, glassware, etc., without giving such description as would enable a person of reasonable intelligence to ascertain which specific article was being offered for sale, and what the value would be, and that the defendants failed to describe the property listed in the catalogue. That by virtue of defendants' knowledge of the character of the property, and by virtue of the terms of the chattel trust, it became and was their duty to describe the various chattels with reasonable definiteness and give a reasonable history thereof, the period to which they belonged, their reasonable age, and where they came from, and allow a person of reasonable intelligence to ascertain what was being offered for sale. That the defendants exhibited the chattels on Monday and Tuesday, March 7 and 8, 1932, respectively, whereas it became and was their duty to exhibit them for at least a period of seven days in order to give the public an opportunity to properly examine and investigate them. That the defendants placed the goods on the floor of the auction house with other articles offered for sale for others, in such a manner that it was impossible to properly see, examine, and appraise the same. That by virtue of defendants' knowledge of the character of the property it became their duty to display the same in such a manner as would enable the public to fully see, examine, and appraise the same, in such a manner as would attract and induce the public to purchase them and pay a reasonable price therefor. That the auctioneer employed by the defendants to sell the property merely repeated to the public the contents of the catalogue and complained that the prices offered for the articles were unreasonable and inadequate. That in view of the defendants' knowledge of the character of the property it was their duty to instruct and require the auctioneer to describe the various articles, to give a reasonable history thereof, state the period to which they belonged, their approximate age, where they came from, their value, and to give such information as to let the public ascertain what was being offered for sale. That the auctioneer should have given to the public such information at the time of the sale; that it was the duty of defendants to employ an auctioneer skilled in the sale of rare antiques, but the auctioneer employed by the defendants was not familiar with such property, and as a result thereof did not conduct the sale fairly, in that they failed to give the public the proper impression of what was offered for sale. Wherefore, and by reason of the negligence aforesaid and carelessness of the defendants, and by reason of their malfeasance, misfeasance, and nonfeasance in the performance of their duties, the aforesaid chattels which were of the value of $127,000 were sold for an unreasonable price, to wit, the sum of $2,580. The plaintiff therefore claimed damages of defendants in the sum of $124,419.-55.

A general demurrer was filed by the defendants to the declaration and was sustained by the court. The plaintiff, not desiring to amend, permitted judgment to be recovered against her, from which she now appeals.

█ The sole question before us is whether the allegations of the declaration state a good cause of action for damages against the trustees. We think they do not. According to the terms of the deed of trust as set out in the declaration it became and was the duty of the defendants to sell the chattels in question at public auction upon such terms and after such public notice as the trustees, in the execution of the trust, deemed advantageous and proper. In the performance of this duty it was

836

incumbent upon the trustees to act in good faith and with reasonable care for the protection of the interests of the owner of the property and the mortgagee thereof. The courts have been ever careful to prevent or punish any conduct of trustees which is lacking in scrupulous good faith. In the declaration, however, there is no accusation of bad faith or fraudulent conduct on the part of the trustees. The only charge is that they did not properly advertise the sale of the chattels, nor properly exhibit them for sale in order to procure purchasers at a reasonable price. It appears, however, by the declaration that the trustees caused a catalogue to be printed and published in which the property was listed, divided, and classified, and that the property was kept upon the floor of the auctioneer's salesroom continuously for a period of two days prior to the time of the sale. It is fair to assume that the property was thereby put upon view at a place suitable for such purpose. The sale was had at public auction by an auctioneer, and it is not alleged that the defendants regarded the auctioneer as generally incompetent properly to conduct auction sales of chattels. Nor does plaintiff allege that the methods pursued by defendants in advertising and selling the chattels were unknown to her at the time, nor that she made any objections or gave any directions to defendants concerning them.

It is said that the property was valued at $127,000, and it is contended that the price at which it was sold was unconscionably low. It is common knowledge that the time at which the sale was conducted, and ever since, the financial conditions prevailing in this country were and have been very unfavorable for such a sale. Also that the valuation which might be set by the owner upon property of this character would depend so much upon intangible considerations that it might not be realized at any sale made thereof under such circumstances. It is neither alleged or implied in the declaration that the trustees had any interest in the sale of the chattels adverse to the interest of the owners. Nor is it alleged that the plaintiff at the time of the sale made any objection to the manner in which the trustees were performing their duties.

██ Under these circumstances we think that the declaration fails to state a case, for if the trustees acted in good faith, and if they made the sale of the property at public auction by the employment of an auctioneer upon such terms and after such public notice as they in the execution of the trust deemed advantage-

ous and proper, they would not be chargeable with the difference between the valuation placed upon the property by plaintiff and the price realized for the property at a forced sale.

In Olcott v. Bynum, 17 Wall. (84 U. S.) 44, 63, 21 L. Ed. 570, it was held: "Where there is a power and discretion, such as existed in this case, touching the sale, a court of equity will interpose only on the ground of bad faith." This ruling is cited with approval in Markey v. Langley, 92 U. S. 142, 154, 23 L. Ed. 701. In Champlin v. Champlin, 3 Edw. Ch. (N. Y.) 571, 578, it is said respecting the actions of trustees in the making of a sale: "It is a legal right and authority they possess; and this court will not interfere with them in the exercise of it, unless satisfied they are proceeding from sinister motives and in bad faith towards the remainder-men."

The judgment of the lower court is accordingly affirmed.